THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* SALVADOR LUGO FIGUEROA, Defendant and Appellant.

No. 8782. Argued June 18, 1941.—Decided June 25, 1941.

34

*Carlos García Méndez* for appellant. *Emilio de Aldrey, Acting Attorney General,* and *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

The district attorney filed in the District Court of Mayagüez the following information:

"The district attorney brings this information against Salvador Jugo Figueroa for a violation of Section 7 of Act No. 14, approved July 8, 1936, as amended by Act No. 95 of 1937, a misdemeanor committed as follows:

"Said defendant Salvador Lugo Figueroa on or about April 2, 1940, in San Blas Street, Lajas, P. R., which forms part of the judicial district of Mayagüez, P. R., did unlawfully, wilfully, maliciously, and criminally, with criminal intent, acquire the ownership and possession of a firearm described as follows: A S. & W. Ctge. revolver, caliber .32, nickel-plated, with black side-plates, series number 217197, and failed to so declare immediately in writing to the Chief of the Insular Police of Lajas, P. R., which is the district where accused resides, in accordance with Section 7 of the above-mentioned Act."

After the proper trial the defendant was convicted and sentenced to six months in jail; whereupon he took the present appeal. He urges that the lower court erred in rendering judgment without sufficient evidence to support the allegations of the complaint, and in convicting the accused on the fact that he had failed to require the production of the receipt of the registration of the revolver taken to him for repairs.

■■ Both assignments of error involve an attack upon the sufficiency of the evidence. The prosecuting attorney of this court summarizes the evidence for The People thus:

"That accused has been a gunsmith by profession for a long time prior to this prosecution, which fact has been acknowledged by the policemen themselves who seized the weapon; that defendant-appellant, upon the weapon being seized from him, immediately stated to the police that it was not his but had been brought to him by Frank Jusino to be repaired; that the above statements from defendant-

appellant were corroborated by another witness who was present when Jusino handed the weapon to defendant-appellant; that the seized revolver was actually unserviceable at the time it was seized and when it was produced in court. And, lastly, that Frank Jusino, who was the person alleged to have brought the revolver to be repaired, testified as a witness, although he denied owning such weapon or bringing it for repairs.''

He maintains that such evidence was sufficient for considering as casual the possession of the weapon by the accused, and hence that he should have been acquitted.

The lower court, in convicting the defendant, stated that it believed the evidence which showed that the seized weapon belonged to Frank Jusino and that the accused had received the same in his capacity as a gunsmith in order to repair it; but it considered that inasmuch as the accused had failed to require from Jusino the receipt of the registration of the weapon he was technically guilty.

There is nothing in Act No. 14, approved July 8, 1936, (Sess. Laws, (2) p. 128), as amended by Act No. 95 of 1937 (Sess. Laws, 1936–37, p. 231), to justify the conclusion reached by the lower court that the accused, as a gunsmith, ought to have required the production of the receipt of registration from the person who brought the revolver to him for repairs.

We have examined the transcript of the evidence and we are convinced that the evidence introduced shows that the accused had really  been known for many years as a gunsmith in the town of Lajas, and that while his establishment was being raided in search of a policy game the police found, among other effects, a revolver in a drawer, and that immediately he informed that Jusino had brought it to him for repairs; that after a first show the revolver jammed owing to some defect.

In view of the attendant circumstances of this case, and although technically the defendant might be considered as responsible, we think that any deficiency in the law in similar cases should be cured by legislative action and not by judicial

action by sentencing to six months in jail a defendant who, in the course of his trade as a gunsmith, came into the possession of a revolver, which fact might be considered casual.

The judgment appealed from must be reversed and the defendant discharged.